# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| PHILLIP GARDNER | CIVIL ACTION NO. 05-2093 |
| VS. | SECTION P |
| UNITED STATES OF AMERICA, ET AL. | JUDGE JAMES |
| | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. §1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). [1] When Plaintiff filed the complaint on December 5, 2005, he was a pre-trial detainee in the custody of the United States Marshal Service (USMS). He was being detained at the West Carroll Parish Detention Center (WCDC), Epps, Louisiana and he was awaiting trial in the United States District Court for the Eastern District of Arkansas. See *United States of America v. Phillip Carl Gardner*, No. 4:04-cr-00104. He named the United States of America (USA), the United States Department of Justice (DOJ), the United States Bureau of Prisons (BOP), the United States Marshals Service (USMS), the Emerald Correctional Service (ECS) and WCDC Warden Harvey Grimmer as his defendants. He prayed for an order directing the defendants to make "appropriate arrangements ... to resume ... counseling treatment with a

---

[1] Plaintiff has filed his complaint pursuant to 42 U.S.C. § 1983. However, since § 1983 is inapplicable to federal employees and agents, and since some of his defendants are federal agents or agencies, the court construes this claim as arising under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) which authorizes civil rights suits against federal employees or agents.

1

psychiatrist..."

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons, it is recommended that the complaint be **DENIED** and **DISMISSED WITH PREJUDICE.**

## STATEMENT OF THE CASE

Sometime in mid-March 2005, plaintiff was incarcerated in the WCDC by the USMS. At that time he was awaiting trial on federal felony charges in the United States District Court for the Eastern District of Arkansas in the matter entitled *United States of America v. Phillip Carl Gardner*, No. 4:04-cr-00104. Prior to the onset of this detention, plaintiff was treated for psychological/psychiatric problems through counseling and medication. Plaintiff asked the staff at WCDC to resume the treatment and they advised him to make his request to the USMS. When he asked the USMS to resume his mental health treatment, they advised him to make arrangements through WCDC.

In November 2005, plaintiff submitted an inmate grievance to the WCDC authorities seeking resumption of his mental health treatment. The WCDC authorities responded to his grievance on November 14, 2005, and on December 1, 2005, plaintiff signed his complaint.

## LAW AND ANALYSIS

### 1. Frivolity Review

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983 or *Bivens*, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be

granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but, they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). A district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's original complaint provides the specifics of his theories of liability with respect to the defendants. Accepting all of plaintiff's allegations as true, the undesigned concludes, for the reasons stated hereinafter, that he has failed to state a claim for which relief may be granted.

2. Sovereign Immunity

Plaintiff's claims against the USA, the DOJ, the BOP, and the USMS are barred by the doctrine of sovereign immunity. While plaintiff may bring a *Bivens* action against individual federal officials for alleged constitutional violations, he may not bring such an action against the United States or its agencies. Such claims are barred by the doctrine of sovereign immunity. See *Gibson v. Federal Bureau of Prisons*, 121 Fed.Appx. 549, 551 (5th Cir.2004). The United States has not waived sovereign immunity in a *Bivens* suit for monetary damages or injunctive relief. *Oladipupo v. Austin*, 104 F.Supp.2d 623, 624 -625 (W.D.La.2000).

3. Mootness

Plaintiff seeks only injunctive relief against the remaining defendants, ECS and Warden Grimmer. Available evidence suggests that plaintiff is no longer detained at WCDC[2] and therefore his suit for injunctive relief against these state defendants is now moot. *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir.2001).

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted, all in

---

[2] See *United States of America v. Phillip Carl Gardner*, No. 4:04-cr-00104 (E.D. Ark.) at Docs 40 (minutes of plaintiff's guilty plea on September 2, 2005) and 43 (minutes of sentencing on February 15, 2006); see also Federal Bureau of Prisons Inmate Locator Service at http://www.bop.gov/iloc2/LocateInmate.jsp

accordance with the provisions of 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) and (2).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 10th day of April, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE